

CJ 21 2869

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

Andrews

AUSTIN MOORE, Individually, and )
TIFFANY MOORE, Individually, )
)
       Plaintiffs, )
)
v. )    Case No. **2021 - 2869**
)
AMAZON.COM, INC., a Foreign For- )
Profit Corporation; **SAMSUNG SDI** )
**AMERICA, INC.**, a Foreign For-Profit )    FILED IN DISTRICT COURT
Corporation; and **SAMSUNG SDI CO.,** )    OKLAHOMA COUNTY
**LTD.**, a Foreign Company, )
)    JUL - 2 2021
       Defendants. )
                             RICK WARREN
                             COURT CLERK

                  **COMPLAINT**    42_____

## Parties

1.    Plaintiff, AUSTIN MOORE ("Plaintiff" or "Mr. MOORE") is a citizen and resident of Oklahoma County, in the state of Oklahoma.

2.    Defendant, AMAZON.COM, INC., hereinafter referred to as "Amazon" is a corporation that is incorporated under the laws of the State of Delaware. Amazon has its principal place of business in the State of Washington. It is an online retailer selling a myriad of products, including electronic cigarettes and lithium ion batteries. Amazon has a registered agent in Washington. Amazon at all times relevant did substantial and continuous business in the State of Oklahoma.

3.    Defendant, SAMSUNG SDI AMERICA INC., hereinafter referred to as "Samsung America" is a foreign corporation that is incorporated under the laws of the State of California. Samsung SDI America has its principal place of business in the State of California. Samsung SDI America manufactures and designs lithium ion batteries.

EXHIBIT
2

Samsung SDI America has a registered agent in California. Samsung SDI America at all times relevant did substantial and continuous business in the State of Oklahoma.

4.      Defendant, SAMSUNG SDI CO. LTD., hereinafter referred to as "Samsung Korea" is a foreign company that is organized under the laws of Korea with its principal place of business at 150-20 Gongse-ro Giheung-gu Yongin, 446-577 South Korea. SDIC manufactures and designs lithium ion batteries.   SDIC at all times relevant did substantial and continuous business in the State of Oklahoma.

5.      Austin Moore's wife, Tiffany Moore ("Spouse"), makes a Consortium claim due to her husband's injuries.

## Jurisdiction

6.      The Court has subject matter and personal jurisdiction over the issues and the parties to this cause of action.   A substantial portion of the events leading to Plaintiff's injuries arose in Oklahoma.   Plaintiff brings this complaint solely under state law and not under federal law and specifically not under the United States Constitution, or any of its amendments.   Plaintiff believes and alleges that causes of action exist under the hereinafter set out state law claims for the conduct complained of herein.

## Facts

7.      Manufacturers, distributors, and sellers of electronic cigarettes, or "e-cigarettes," as they are more commonly known, claim to provide a tobacco-free and smoke-free alternative to traditional cigarettes. E-cigarettes offer doses of nicotine via a vaporized solution.

8.      All e-cigarettes are designed and function in a similar way.  They consist of three primary component parts: a tank or cartridge that is filled with a liquid (known as

"juice" or "e-liquid") that usually contains a concentration of nicotine; an atomizer, which heats and converts the contents of the liquid-filled cartridge to a vapor that the user then inhales; and a battery, which provides power for the atomizer. The atomizer itself typically contains three components: the casing; the wire (or "coil"); and the wicking material. The wire is wrapped around the wicking material (usually cotton) in a coil formation; the two ends of the coil are then connected to the casing in a way that permits contact with the battery. When e-liquid is added to the e-cigarette's tank, the wicking material absorbs it. When the user activates the e-cigarette's battery, the coil heats, vaporizing the e-liquid within the wicking material.

9.      E-cigarette batteries are typically cylindrical lithium-ion batteries. Some e-cigarette batteries are rechargeable, and others are disposable. Some e-cigarettes are closed systems, in which prefilled tanks are used; others are also open systems that allow the user to manually refill the tank with e-liquid. E-cigarettes come in pen form (these are usually plastic and are modeled after a traditional cigarette) and in a form known as a 'mod.' Mods are metal devices that are heavier than pen e-cigarettes and carry a much higher capacity for juice and creation of vapor. There are many different types of mods, some of which require the use and replacement of atomizer coils like those described above.

10.      While e-cigarettes were first patented in 2003, they first entered the market exclusively in China in 2004, and did not first appear in the United States until 2007. Since that time, U.S. sales of electronic cigarettes have risen dramatically — from approximately $20 million in 2008 to $2.5 billion in 2014. According to some media

sources, industry experts predict the e-cigarette industry will reach $32.11 billion by 2021.

11.     Lithium ion batteries, commonly used in e-cigarettes pose a risk of fire and explosion that is magnified when combined with the e-cigarettes' heating elements.  A medical case report of a man in New Jersey, whose e-cigarette exploded in his pocket causing him severe burns, noted, "the potential for serious burn injuries related to device malfunction is of concern."  In particular, lithium ion batteries are susceptible to a condition known as "thermal runaway," whereby the internal battery temperature can cause a fire or explosion.

12.     Some tout e-cigarettes as a safer alternative to traditional cigarettes because e-cigarettes do not contain tobacco, do not actually burn or create smoke, and do not pose the same risks of second-hand smoke inhalation.  However, these supposedly "safer" alternatives to traditional cigarettes are still the subject of debate, as they still often provide nicotine, which is a neurotoxin and extremely addictive.  Further, the actual and long-term effects of the chemicals in e-liquid and vapor are unknown, as the technology is still relatively new.

13.     E-cigarettes also widely appeal to consumers, as they are heavily advertised, offer a cheaper alternative to smoking, and allegedly present a "safer" alternative to smoking.  E-cigarette users can choose from a number of options, from the more traditional pen, to the bigger mods like the one used by Mr. Melone, and can choose from thousands of e-liquid flavors.  Further, despite some recent, patchwork local regulations regarding indoor use, e-cigarettes are often advertised as enabling a user to smoke in what are otherwise smoke-free environments.

14.     Only a few federal regulations have been promulgated or proposed regarding e-cigarette sales and use. Many of these products are shipped from China and placed into the stream of commerce without any knowledge as to what is in them, how they were made, or whether they are safe for consumers.

15.     In 2009, the United States Food and Drug Administration ("FDA") first attempted to regulate e-cigarettes under the Food, Drug, and Cosmetic Act ("FDCA"). E-cigarette manufacturers then successfully sued the FDA, claiming e-cigarettes should not be considered medical devices subject to the provisions of FDCA. Because of this ruling and lack of regulatory oversight, e-cigarette sales skyrocketed.

16.     On April 25, 2014, the FDA released a proposed regulation that would extend the statutory definition of "tobacco product" to include e-cigarettes. While the FDA regulates traditional cigarettes, cigarette tobacco, roll-your-own tobacco, and smokeless tobacco under its tobacco control authority, e-cigarettes are not yet defined as a tobacco product.

17.     The October 2014 report notes the proposed FDA regulations do not include any consideration of the battery or electronic components of the devices, as the FDA is only addressing the health effects of vapor inhalation. Further, the U.S. Fire Administration noted the World Health Organization recently proposed member states adopt stringent controls on e-cigarettes, but did not include any language addressing the electronics themselves. The U.S. Consumer Product Safety Commission has advised e-cigarettes do not fall under its jurisdiction. As noted in October 2014, and as was the case when Austin Moore purchased his e-cigarette, "no regulation, code or law applies to the safety of the electronics or batteries in e-cigarettes. While many consumer products

are required to be tested by a nationally recognized test laboratory . . . there are no requirements that e-cigarettes be subjected to the product safety testing."

18.     On August 8, 2016, a new FDA rule took effect expanding regulation to e-cigarettes.  According to the FDA [t]his final rule has two purposes: (1) To deem all products that meet the definition of "tobacco product" under the law, except accessories of a newly deemed tobacco product, and subject them to the tobacco control authorities in chapter IX of the FD&C Act and FDA's implementing regulations; and (2) to establish specific restrictions that are appropriate for the protection of the public health for the newly deemed tobacco products.

19.     E-cigarettes are more dangerous than other lithium battery containing products because the battery is installed in a cylindrical device, and thus when it fails, it can be propelled like a bullet or rocket.  U.S. Fire Administration, *Electronic Cigarette Fires and Explosions*, October 2014, at 5.  There are different methods to protecting these batteries, but because of a lack of regulation, the protection of the battery is up to the e-cigarette manufacturers.

20.     E-cigarettes have caused numerous fires and explosions injuring consumers. Federal, state, and local efforts have recently been aimed at protecting public health via regulations on sale and use of e-cigarettes, but not on the safety hazards posed by the products themselves.

21.     There is mounting evidence the explosions and fires caused by e-cigarettes and lithium ion batteries are increasing in occurrence.  The U.S. Department of Transportation ("DOT") issued a rule banning e-cigarettes from checked bags on airplanes because they have been known to catch fire.  The DOT has also determined e-

6

cigarettes may not be used during flight. The explosion of e-cigarettes and lithium ion batteries are not novel occurrences; a California man recently lost his eye as a result of an e-cigarette exploding near him. A southern California woman was set on fire after an e-cigarette exploded while she was a passenger in a car. An Atlanta woman's couch and rug caught on fire after an e-cigarette exploded, almost burning her house down. Complaints of injury caused by e-cigarettes continue to rise as the devices' popularity increases. These products continue to be placed into the stream of commerce in an untested and unsafe condition, and will continue to cause injuries unless and until those responsible are held accountable.

22.     On or about April 2019 the Plaintiff Austin Moore purchased a Samsung lithium ion battery (hereinafter "Samsung battery"), for use in his e-cigarette.

23.     Defendant Amazon through its agents, servants and employees, participated in delivery of the Samsung battery that powered Plaintiff's electronic cigarette.

24.     Defendants Samsung America and Samsung Korea designed, manufactured, wholesaled, distributed, advertised, marketed, sold and retailed the Samsung battery knowing and expecting that it would be used by consumers and around members of the general public.

25.     The Samsung battery was defective and unreasonably dangerous when designed, manufactured, distributed, sold and placed into the stream of commerce by Defendants Samsung America and Samsung Korea.

7

26.    The Samsung battery was designed, manufactured, distributed, sold and placed into the stream of commerce by Defendants, Samsung America and Samsung Korea with a propensity to unexpectedly explode.

27.    Defendants, Samsung America and Samsung Korea did not provide adequate warnings, instructions, directions and cautions when it sold the Samsung battery and placed it into the stream of commerce.

28.    On December 27, 2019, Mr. Moore was at work with the Samsung battery in his right pants pocket when it suddenly exploded and caught his clothing and skin on fire.

29.    Mr. Moore dropped to the ground in an attempt to put out the fire, he attempted to remove the batteries from his pocket and remove his jeans and extinguish the flames, which resulted in burns to his right hand and right leg.

30.    Plaintiff's co-worker transported Mr. Moore immediately to Southwest Medical Center ER on December 27, 2019 where he was given ointment to put over the burns and Norcos for pain and x-rays were taken of Plaintiff's right hand and right leg. Southwest Medical Center ER set Mr. Moore up for management of his burns with Integris Hospital burn unit, and his first appointment was on December 30, 2019.  On December 30, 2019, Mr. Moore began treating with Integris Hospital burn unit for management of his burns to his right hand and right thigh.  Mr. Moore sustained third degree burns on his right thigh and 2nd degree burns on his right hand. Mr. Moore was admitted to Integris Hospital for skin grafts on his right thigh on January 14, 2020 and was released from the hospital on January 17, 2020.

31.    The explosion and Plaintiff's resulting injuries were caused by the defective Samsung battery, as well as the negligence of defendants, Amazon, Samsung America and Samsung Korea.

32.    Plaintiff has suffered and will continue to suffer physical pain and mental anguish.

33.    As a result of the explosion, Plaintiff has incurred substantial medical bills.

34.    Plaintiff has suffered lost wages as a result of the complications stemming from the Samsung battery exploding.

35.    As a result of the explosion, Plaintiff's spouse Tiffany Moore suffered loss of consortium.

## COUNT I

### Negligence against Amazon for Distribution and Sale of the

### Samsung Battery

36.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

37.    Defendant Amazon's actions were negligent in the following respects;

38.    Amazon at all times mentioned had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use in the general public, the Samsung batteries.

39.    Amazon at all times mentioned knew, or in the exercise of reasonable care should have known, that the Samsung batteries was of such a nature that it was not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed,

examined, sold supplied, prepared and/or provided with the proper warnings, and was reasonably likely to injure e-cigarette users.

40.   Amazon negligently and carelessly designed, manufactured, tested, inspected,  packaged, labeled, distributed, recommended, displayed, sold, examined and/or supplied the Samsung batteries such that the product was dangerous and unsafe for the use and purpose for which it was intended.

41.   Amazon was aware of the probable consequences of the Samsung batteries. Amazon knew, or should have known, the Samsung batteries would cause serious injury; they failed to disclose the known or knowable risks associated with the Samsung batteries.  Amazon willfully and deliberately failed to avoid those consequences, and in doing so, they acted in conscious disregard of the safety of Plaintiff.

42.   Defendant Amazon owed a duty to adequately warn the Plaintiff of the risks of explosion associated with the Samsung batteries and the resulting harm and risk it would cause users.

43.   Defendant Amazon breached their duty by placing the Samsung batteries into the stream of commerce without study, testing, inspection, or adequate warning.

44.   As a direct and proximate result of the duties breached, the Samsung batteries used by Plaintiff exploded, resulting in Plaintiff suffering pain and harm.

45.   As a direct and proximate result of Amazon's negligence, Plaintiff has suffered injuries and damages.

46.   As a direct and proximate result of Amazon's negligence, Plaintiff Tiffany Moore has suffered loss of consortium.

47.    Amazon's conduct in continuing to market, sell and distribute the Samsung and other lithium ion batteries after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Amazon and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against Amazon for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT II

### Negligence against Samsung SDI America

48.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

49.    Defendant Samsung America actions were negligent in the following respects;

50.    Samsung America at all times mentioned had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use in the general public, the Samsung batteries.

51.    Samsung America at all times mentioned knew, or in the exercise of reasonable care should have known, that the Samsung batteries was of such a nature that it was not properly manufactured, tested, inspected, packaged, labeled, distributed,

11

marketed, examined, sold supplied, prepared and/or provided with the proper warnings, and was reasonably likely to injure e-cigarette users.

52.     Samsung   America negligently and carelessly designed, manufactured, tested, inspected, packaged, labeled, distributed, recommended, displayed, sold, examined and/or supplied the Samsung battery such that the product was dangerous and unsafe for the use and purpose for which it was intended.

53.     Samsung America was aware of the probable consequences of the Samsung batteries.

54.     Samsung America knew, or should have known, the Samsung batteries would cause serious injury; they failed to disclose the known or knowable risks associated with the Samsung batteries.   Samsung America willfully and deliberately failed to avoid those consequences, and in doing so, they acted in conscious disregard of the safety of Plaintiff.

55.     Defendant Samsung America owed a duty to adequately warn the Plaintiff of the risks of explosion associated with the Samsung batteries and the resulting harm and risk it would cause users.

56.     Defendant Samsung America breached their duty by placing the Samsung batteries into the stream of commerce without study, testing, inspection, or adequate warning.

57.     As a direct and proximate result of the duties breached, the Samsung batteries used by Plaintiff exploded, resulting in Plaintiff suffering pain and harm.

58.     As a direct and proximate result of Samsung America's negligence, Plaintiff has suffered injuries and damages.

59.    As a direct and proximate result of Samsun America's negligence Tiffany Moore suffered loss of consortium.

60.    Samsung America conduct in continuing to market, sell and distribute the Samsung batteries and other lithium ion batteries after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Samsung SDI America and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against Samsung SDI Americ for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT III

### Negligence against Samsung Korea

61.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

62.    Defendant Samsung Korea's actions were negligent in the following respects;

63.    Samsung Korea at all times mentioned had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use in the general public, the Samsung batteries.

64.    Samsung Korea at all times mentioned knew, or in the exercise of reasonable care should have known, that the Samsung batteries was of such a nature that

13

it was not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold supplied, prepared and/or provided with the proper warnings, and was reasonably likely to injure e-cigarette users.

65.     Samsung Korea negligently and carelessly designed, manufactured, tested, inspected, packaged, labeled, distributed, recommended, displayed, sold, examined and/or supplied the Samsung batteries such that the product was dangerous and unsafe for the use and purpose for which it was intended.

66.     Samsung Korea was aware of the probable consequences of the Samsung batteries.

67.     Samsung Korea knew, or should have known, the Samsung batteries would cause serious injury; they failed to disclose the known or knowable risks associated with the Samsung batteries.  Samsung Korea willfully and deliberately failed to avoid those consequences, and in doing so, they acted in conscious disregard of the safety of Plaintiff.

68.     Samsung Korea owed a duty to adequately warn the Plaintiff of the risks of explosion associated with the Samsung batteries and the resulting harm and risk it would cause users.

69.     Samsung Korea breached their duty by placing the Samsung batteries into the stream of commerce without study, testing, inspection, or adequate warning.

70.     As a direct and proximate result of the duties breached, the Samsung batteries used by Plaintiff exploded, resulting in Plaintiff suffering pain and harm.

71.     As a direct and proximate result of Samsung Korea's negligence, Plaintiff has suffered injuries and damages.

72.     As a direct and proximate result of Samsung Korea's negligence, Plaintiff Tiffany Moore makes a consortium claim.

73.     Samsung Korea's conduct in continuing to market, sell and distribute the Samsung batteries and other lithium ion batteries after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Samsung Korea and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against Samsung Korea for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT IV

### Strict Product Liability against Amazon for Distribution and Sale of the Samsung Batteries

74.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

75.     Defendant Amazon is strictly liable to Plaintiff in the following respects: Amazon distributed, conveyed and/or sold the Samsung batteries for use in electronic cigarettes; the Samsung batteries were defective because it failed to perform safely and effectively for the purpose it was originally designed.  Plaintiff Austin Moore's Aegis Geek vape mod was a device that failed while in his pocket, causing him to develop serious physical complications, which will require subsequent, painful and continued

15

medical care; at all times mentioned, the Samsung batteries were substantially in the same condition as when it left the possession of Amazon; and the batteries was being used in a manner reasonably anticipated at the time it was sold to Plaintiff.

76.   Furthermore, the Samsung batteries, like the one sold to Plaintiff, at the time they left the possession of Amazon were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to Plaintiff as follows:

    i.    The Samsung batteries sold in a defective condition by design and manufacture;

    ii    The Samsung batteries as designed and manufactured was unsafe for use by Plaintiff.

    iii.    The Samsung batteries as designed and manufactured was unreasonably dangerous to Plaintiff;

    iv.    The Samsung batteries did not perform safely as an ordinary consumer, like Plaintiff, would expect;

    v.    The Samsung batteries as designed and manufactured was unsafe for its intended use;

    vi.    Amazon had a duty to warn the end user about the dangers and risk of the product;

    vii.    Failing to provide adequate, safe and effective warnings with the Samsung batteries to warn of the possibility of explosion;

    viii.    Failing to avoid explosion of the Samsung batteries after use in e-cigarettes or charging in a batteries pack.

ix.    Any other acts of failures to act by Amazon regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Samsung batteries as will be learned during the discovery process.

77.    Amazon's conduct in continuing to market, sell and distribute the Samsung batteries after obtaining knowledge lithium ion batteries were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying and award of additional damages for aggravating circumstances in such a sum which will serve to deter Amazon and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against Amazon for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT V

### Strict Product Liability against SAMSUNG AMERICA for Manufacturer, Distribution, and Sale of the Samsung Batteries

78.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

79.    Defendant Samsung America is strictly liable to Plaintiff in the following respects: Samsung America distributed, conveyed and/or sold the Samsung batteries for use in electronic cigarettes; the Samsung batteries were defective because it failed to perform safely and effectively for the purpose it was originally designed.  Plaintiff Austin

Moore's Samsung batteries were in his Aegis Geek vape mod that failed while in his pocket, causing him to develop serious physical complications, which will require subsequent, painful and continued medical care; at all times mentioned, the Samsung batteries were substantially in the same condition as when it left the possession of Samsung America; and the batteries was being used in a manner reasonably anticipated at the time it was sold to Plaintiff.

80.    Furthermore, the Samsung batteries, like the one sold to Plaintiff, at the time they left the possession of Samsung America were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to Plaintiff as follows:

i.      The Samsung batteries were sold in a defective condition by design and manufacture;

ii      The Samsung batteries as designed and manufactured was unsafe for use by Plaintiff.

iii.    The Samsung batteries as designed and manufactured was unreasonably dangerous to Plaintiff;

iv.     The Samsung batteries did not perform safely as an ordinary consumer, like Plaintiff, would expect;

v.      The Samsung batteries as designed and manufactured was unsafe for its intended use;

vi.     Samsung America had a duty to warn the end user about the dangers and risk of the product;

vii.    Samsung America knew, or should have known, the component parts of the Samsung batteries as implemented through design and/or manufacture could cause injury to the end user;

viii.   Failing to provide adequate, safe and effective warnings with the Samsung batteries to warn of the possibility of explosion;

ix.     Failing to avoid explosion of the Samsung batteries after use in e-cigarettes or charging in a batteries pack.

x.      Any other acts of failures to act by Samsung SDI America regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Samsung batteries as will be learned during the discovery process.

81.    Samsung America conduct in continuing to market, sell and distribute the Samsung batteries after obtaining knowledge lithium ion batteries were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying and award of additional damages for aggravating circumstances in such a sum which will serve to deter Samsung America and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against Samsung America for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

### COUNT VI

**Strict Product Liability against Samsung Korea for Manufacture, Distribution, and**

**Sale of the Samsung Batteries**

82.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

83.     Defendant Samsung Korea is strictly liable to Plaintiff in the following respects:  Samsung Korea distributed, conveyed and/or sold the Samsung batteries for use in electronic cigarettes; the Samsung batteries were defective because it failed to perform safely and effectively for the purpose it was originally designed.  Plaintiff Austin Moore's Samsung batteries were in his Aegis Geek vape mod that failed while in his pocket, causing him to develop serious physical complications, which will require subsequent, painful and continued medical care; at all times mentioned, the Samsung batteries were substantially in the same condition as when it left the possession of Samsung Korea; and the batteries was being used in a manner reasonably anticipated at the time it was sold to Plaintiff.

84.     Furthermore, the Samsung batteries, like the one sold to Plaintiff, at the time they left the possession of Samsung Korea were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to Plaintiff as follows:

    i.      The Samsung batteries were sold in a defective condition by design and manufacture;

    ii      The Samsung batteries as designed and manufactured was unsafe for use by Plaintiff.

    iii.      The Samsung batteries as designed and manufactured was unreasonably dangerous to Plaintiff;

iv.   The Samsung batteries did not perform safely as an ordinary consumer, like Plaintiff, would expect;

v.    The Samsung batteries as designed and manufactured was unsafe for its intended use;

vi.   Samsung Korea had a duty to warn the end user about the dangers and risk of the product;

vii.  Samsung Korea knew, or should have known, the component parts of the Samsung batteries as implemented through design and/or manufacture could cause injury to the end user;

viii. Failing to provide adequate, safe and effective warnings with the Samsung batteries to warn of the possibility of explosion;

ix.   Failing to avoid explosion of the Samsung batteries after use in e-cigarettes or charging in a batteries pack.

x.    Any other acts of failures to act by Samsung Korea regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Samsung batteries as will be learned during the discovery process.

85.   Samsung Korea conduct in continuing to market, sell and distribute the Samsung batteries after obtaining knowledge lithium ion batteries were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying and award of additional damages for aggravating circumstances in such a sum which will serve to deter Samsung Korea and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against Samsung Korea for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**COUNT VII**

**Negligent Infliction of Emotional Distress against Amazon for Distribution and Sale of the Samsung batteries**

86.     Defendant Amazon is liable to Plaintiff for the negligent infliction of emotional distress in the following respect; Plaintiff has suffered severe emotional distress, which was a result of Defendant's negligent conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or selling of the Samsung batteries.

87.     Plaintiff has suffered severe emotional distress, which was a result of Amazon's negligent conduct in failing to adequately and safely design and construct an effective and safe lithium ion batteries.

88.     Therefore, Amazon is liable to Plaintiff.

89.     Amazon's conduct in continuing to market, sell and distribute the Samsung batteries after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Amazon and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against Amazon for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate

from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT VIII

**Negligent Infliction of Emotional Distress against Samsung America for**

**Manufacture, Distribution, and Sale of the Samsung Batteries**

90.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

91.     Defendant Samsung America is liable to Plaintiff for the negligent infliction of emotional distress in the following respect; Plaintiff has suffered severe emotional distress, which was a result of Defendant's negligent conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or selling of the Samsung batteries.

92.     Plaintiff has suffered severe emotional distress, which was a result of Samsung America negligent conduct in failing to adequately and safely design and construct an effective and safe lithium ion batteries.

93.     Therefore, Samsung America is liable to Plaintiff.

94.     Samsung  America conduct in continuing to market, sell and distribute the Samsung batteries after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the  safety  of  others  justifying  an  award  of  additional  damages  for  aggravating

circumstances in such a sum which will serve to deter Samsung America and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against Samsung America for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT IX

### Negligent Infliction of Emotional Distress against Samsung Korea for Manufacture, Distribution, and Sale of the Samsung Batteries

95.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

96.     Defendant Samsung Korea is liable to Plaintiff for the negligent infliction of emotional distress in the following respect; Plaintiff has suffered severe emotional distress, which was a result of Defendant's negligent conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or selling of the Samsung batteries.

97.     Plaintiff has suffered severe emotional distress, which was a result of Samsung Korea's negligent conduct in failing to adequately and safely design and construct an effective and safe lithium ion batteries.

98.     Therefore, Samsung Korea is liable to Plaintiff.

99.     Samsung Korea conduct in continuing to market, sell and distribute the Samsung batteries after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for

the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Samsung Korea and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against Samsung Korea for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT X

### Intentional Infliction of Emotional Distress against Amazon for Distribution and Sale of the Samsung Batteries

100.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

101.   Defendant Amazon is liable to Plaintiff for the intentional infliction of emotional distress in the following respect: Plaintiff has suffered severe emotional distress, which was a result of Amazon's extreme outrageous, intentional, willful, and reckless conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or sale of the Samsung batteries.

102.   Plaintiff has suffered severe emotional distress, which was a result of Amazon's extreme outrageous, intentional, willful, and reckless conduct in failing to adequately and safely design and construct an effective and safe lithium ion batteries in complete and reckless disregard of safety to Plaintiff Austin Moore.

103.   Therefore, Amazon is liable to Plaintiff.

25

104.   Amazon's conduct in continuing to market, sell and distribute the Samsung batteries after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Amazon and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against Amazon for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT XI

### Intentional Infliction of Emotional Distress against Samsung America Samsung Batteries

105.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

106.   Defendant Samsung America is liable to Plaintiff for the intentional infliction of emotional distress in the following respect: Plaintiff has suffered severe emotional distress, which was a result of Samsung America's extreme outrageous, intentional, willful, and reckless conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or sale of the Samsung batteries.

107.   Plaintiff has suffered severe emotional distress, which was a result of Samsung America's extreme outrageous, intentional, willful, and reckless conduct in

failing to adequately and safely design and construct an effective and safe lithium ion batteries in complete and reckless disregard of safety to Plaintiff Austin Moore.

108.   Therefore, Samsung America is liable to Plaintiff.

109.   Samsung America conduct in continuing to market, sell and distribute the Samsung Batteries after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Samsung  America and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against Samsung  America for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT XII

### Intentional Infliction of Emotional Distress against Samsung Korea for

### Manufacture, Distribution, and Sale of the Samsung Batteries

110.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

111.   Defendant Samsung Korea is liable to Plaintiff for the intentional infliction of emotional distress in the following respect: Plaintiff has suffered severe emotional distress, which was a result of Samsung Korea's extreme outrageous, intentional, willful, and reckless conduct in studying, designing, developing, testing, inspecting,

manufacturing, producing, advertising, marketing, promoting, distributing, and/or sale of the Samsung batteries.

112.    Plaintiff has suffered severe emotional distress, which was a result of Samsung Korea's extreme outrageous, intentional, willful, and reckless conduct in failing to adequately and safely design and construct an effective and safe lithium ion batteries in complete and reckless disregard of safety to Plaintiff Austin Moore.

113.    Therefore, Samsung Korea is liable to Plaintiff.

114.    Samsung Korea's conduct in continuing to market, sell and distribute the Samsung batteries after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Samsung Korea and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against Samsung Korea for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT XIII

### Breach of Implied Warranty against Amazon Samsung Batteries

115.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

116.    Defendant Amazon is liable to Plaintiff for its breach of implied warranty in the following respect: Amazon sold the Samsung batteries, which was used by

Plaintiff.   Amazon impliedly warranted to Plaintiff Austin Moore that the Samsung batteries was of merchantable quality and safe for the use for which it was intended.

117.   Amazon knew or should have known that the Samsung batteries at the time of sale was intended to be used for the purpose of powering e-cigarettes.

118.   Plaintiff Austin Moore reasonably relied on Amazon's judgment, indications, and statements that the Samsung batteries was fit for such use.

119.   When the Samsung batteries were distributed into the stream of commerce and sold by Amazon, they were unsafe for their intended use, and not of merchantable quality, as warranted by Amazon in that they had very dangerous propensities when used as intended to power e-cigarettes where they could cause serious injury of harm or death to the end user.

120.   Plaintiff has suffered such injuries and damages as a result of Amazon's conduct and action.

**Wherefore**, Plaintiff requests a judgment against Amazon for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT XIV

### Breach of Implied Warranty against Samsung America Samsung Batteries

121.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

122.   Defendant Samsung America is liable to Plaintiff for its breach of implied warranty in the following respect: Samsung America manufactured and sold the Samsung

batteries, which was used by Plaintiff. Samsung America impliedly warranted to Plaintiff Austin Moore that the Samsung batteries was of merchantable quality and safe for the use for which it was intended.

123.   Samsung America knew or should have known that the Samsung batteries at the time of sale was intended to be used for the purpose of powering e-cigarettes.

124.   Plaintiff Austin Moore reasonably relied on Samsung America's judgment, indications, and statements that the Samsung batteries was fit for such use.

125.   When the Samsung batteries were distributed into the stream of commerce and sold by Samsung batteries, they were unsafe for their intended use, and not of merchantable quality, as warranted by Samsung America in that they had very dangerous propensities when used as intended to power e-cigarettes where they could cause serious injury of harm or death to the end user.

126.   Plaintiff has suffered such injuries and damages as a result of Samsung America's conduct and action.

**Wherefore**, Plaintiff requests a judgment against Samsung America for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT XV

### Breach of Implied Warranty against Samsung  Korea for Manufacture,
### Distribution, and Sale of the Samsung Batteries

127.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

128.   Defendant Samsung Korea is liable to Plaintiff for its breach of implied warranty in the following respect: Samsung Korea manufactured and sold the Samsung batteries, which was used by Plaintiff. Samsung Korea impliedly warranted to Plaintiff Austin Moore that the Samsung batteries was of merchantable quality and safe for the use for which it was intended.

129.   Samsung Korea knew or should have known that the Samsung batteries at the time of sale was intended to be used for the purpose of powering e-cigarettes.

130.   Plaintiff Austin Moore reasonably relied on Samsung Korea's judgment, indications, and statements that the Samsung batteries was fit for such use.

131.   When the Samsung batteries were distributed into the stream of commerce and sold by Samsung batteries, they were unsafe for their intended use, and not of merchantable quality, as warranted by Samsung Korea in that they had very dangerous propensities when used as intended to power e-cigarettes where they could cause serious injury of harm or death to the end user.

132.   Plaintiff has suffered such injuries and damages as a result of Samsung Korea's conduct and action.

**Wherefore**, Plaintiff requests a judgment against Samsung Korea's for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT XVI

### Failure to Warn against Amazon for Distribution and Sale of the

**Samsung Batteries**

133.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

134.   In the course of business, Amazon distributed the Samsung batteries eventually sold to Austin Moore as a power source for his e-cigarette.

135.   At the time of the design, manufacture and sale of the Samsung batteries, and more specifically, at the time Plaintiff Austin Moore received the Samsung batteries, it was defective and unreasonably dangerous when put to it's intended and reasonably anticipated use.   Further, the Samsung batteries were not accompanied by proper warnings regarding significant adverse consequences associated with the Samsung batteries.

136.   Amazon failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.   The reasonably foreseeable use of the product involved significant dangers not readily obvious to the ordinary user of the product.   Amazon failed to warn of the known or knowable injuries associated with malfunction of the Samsung batteries, including but not limited burns, shrapnel wounds, and physical injuries occurring as a consequence of fire and/or explosion.

137.   The dangerous and defective conditions in the Samsun batteries existed at the time it was delivered by the manufacturer to the distributor.   At the time Plaintiff purchased his batteries the Samsung batteries was in the same condition as when manufactured, distributed, and sold.

138.   Plaintiff Austin Moore did not know at the time of his use of the Samsung batteries, nor at any time prior thereto, of the existence of the defects in the Samsung batteries.

139.   Plaintiff has suffered the aforementioned injuries and damages as a direct result of Amazon's failure to warn.

140.   The conduct of Amazon in continuing to market, promote, sell and distribute the Samsung batteries after obtaining knowledge that the product was failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an awarded in such sum which will serve to deter Amazon and others from similar conduct.

**Wherefore**, Plaintiff requests a judgment against Amazon for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT XVII

### Failure to Warn against Samsung America for Manufacture, Distribution, and Sale of the Samsung Batteries

141.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

142.   In the course of business, Samsung America manufactured, distributed, and sold the Samsung batteries to Austin Moore as a power source for his e-cigarette.

143.   At the time of the design, manufacture and sale of the Samsung batteries, and more specifically, at the time Plaintiff Austin Moore received the Samsung batteries,

it was defective and unreasonably dangerous when put to its intended and reasonably anticipated use.  Further, the Samsung batteries were not accompanied by proper warnings regarding significant adverse consequences associated with the Samsung batteries.

144.   Samsung America failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.  The reasonably foreseeable use of the product involved significant dangers not readily obvious to the ordinary user of the product.  Samsung America failed to warn of the known or knowable injuries associated with malfunction of the Samsung batteries, including but not limited burns, shrapnel wounds, and physical injuries occurring as a consequence of fire and/or explosion.

145.   The dangerous and defective conditions in the Samsung batteries existed at the time it was delivered by the manufacturer to the distributor.  At the time Plaintiff purchased his batteries the Samsung batteries was in the same condition as when manufactured, distributed, and sold.

146.   Plaintiff Austin Moore did not know at the time of his use of the Samsung batteries, nor at any time prior thereto, of the existence of the defects in the Samsung batteries.

147.   Plaintiff has suffered the aforementioned injuries and damages as a direct result of Samsung batteries failure to warn.

148.   The conduct of Samsung America in continuing to market, promote, sell and distribute the Samsung batteries after obtaining knowledge that the product was failing and not performing as represented and intended, showed a complete indifference

to or conscious disregard for the safety of others justifying an awarded in such sum which will serve to deter Samsung batteries and others from similar conduct.

**Wherefore**, Plaintiff requests a judgment against Samsung America for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT XVIII

### Failure to Warn against Samsung Korea for Manufacture, Distribution, and Sale of the Samsung Batteries

149.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

150.   In the course of business, Samsung Korea manufactured, distributed, and sold the Samsung batteries to Austin Moore as a power source for his e-cigarette.

151.   At the time of the design, manufacture and sale of the Samsung batteries, and more specifically, at the time Plaintiff Austin Moore received the Samsung batteries, it was defective and unreasonably dangerous when put to its intended and reasonably anticipated use.   Further, the Samsung batteries were not accompanied by proper warnings regarding significant adverse consequences associated with the Samsung batteries.

152.   Samsung Korea failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.   The reasonably foreseeable use of the product involved significant dangers not readily obvious to the ordinary user of the product.   Samsung Korea failed to

35

warn of the known or knowable injuries associated with malfunction of the Samsung batteries, including but not limited burns, shrapnel wounds, and physical injuries occurring as a consequence of fire and/or explosion.

153.   The dangerous and defective conditions in the Samsung batteries existed at the time it was delivered by the manufacturer to the distributor.  At the time Plaintiff purchased his batteries the Samsung batteries was in the same condition as when manufactured, distributed, and sold.

154.   Plaintiff Austin Moore did not know at the time of his use of the Samsung batteries, nor at any time prior thereto, of the existence of the defects in the Samsung batteries.

155.   Plaintiff has suffered the aforementioned injuries and damages as a direct result of Samsung batteries failure to warn.

156.   The conduct of Samsung Korea in continuing to market, promote, sell and distribute the Samsung batteries after obtaining knowledge that the product was failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an awarded in such sum which will serve to deter Samsung batteries and others from similar conduct.

**Wherefore**, Plaintiff requests a judgment against Samsung Korea for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT XIX

**Fraud against Amazon for Distribution and Sale of the Samsung Batteries**

157.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

158.   In the course of business, Amazon distributed Samsung batteries for use as a power source for electronic cigarettes.

159.   At the time of the design, manufacture and sale of the Samsung batteries, and more specifically at the time Plaintiff received his batteries, it was defective and unreasonably dangerous when put to its intended and reasonably anticipated use. Further, the Samsung batteries was not accompanied by proper warnings regarding significant adverse consequences associated with the Samsung batteries.

160.   Defendant Amazon was aware of the dangerous and defective condition of the Samsung batteries and intentionally withheld this information from Plaintiff and the public even though these significant dangers were not readily obvious to the ordinary user of the products.

161.   Amazon fraudulently represented to Plaintiff and the public that the Samsung batteries was a safe product even though they were fully aware of the dangerous and defective nature of the batteries which likely could, and would, cause injuries such as those suffered by Plaintiff.

162.   Plaintiff relied upon the fraudulent misrepresentations and concealments of Amazon and purchased the defective Samsung batteries.

163.   As a direct and proximate result of Plaintiff's reliance on Amazon's fraudulent misrepresentations and concealments, Plaintiff was seriously and permanently injured.

164.   The conduct of Amazon in continuing to fraudulently market, promote, sell and distribute the Samsung batteries while fraudulently concealing knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter Amazon and others from similar conduct.

**Wherefore**, Plaintiff requests a judgment against Amazon for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT XX

### Fraud against Samsung America for Manufacture, Distribution, and Sale of the Samsung Batteries

165.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

166.   In the course of business, Samsung America distributed and sold the  for use as a power source for electronic cigarettes.

167.   At the time of the design, manufacture and sale of the Samsung batteries, and more specifically at the time Plaintiff received his batteries, it was defective and unreasonably dangerous when put to its intended and reasonably anticipated use. Further,

the Samsung batteries was not accompanied by proper warnings regarding significant adverse consequences associated with the Samsung batteries.

168.   Defendants Samsung America was aware of the dangerous and defective condition of the Samsung batteries and intentionally withheld this information from Plaintiff and the general public even though these significant dangers were not readily obvious to the ordinary user of the products.

169.   Samsung America fraudulently represented to Plaintiff and the public that the Samsung batteries was a safe product even though they were fully aware of the dangerous and defective nature of the batteries, which likely could, and would, cause injuries such as those suffered by Plaintiff.

170.   Plaintiff relied upon the fraudulent misrepresentations and concealments of Samsung America and purchased the defective Samsung batteries.

171.   As a direct and proximate result of Plaintiff's reliance on Samsung America's fraudulent misrepresentations and concealments, Plaintiff was seriously and permanently injured.

172.   The conduct of Samsung America in continuing to fraudulently market, promote, sell and distribute the Samsung batteries while fraudulently concealing knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter Samsung  America and others from similar conduct.

**Wherefore**, Plaintiff requests a judgment against Samsung America for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal

rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT XXI

### Fraud against Samsung Korea for Manufacture, Distribution, and Sale of the Samsung Batteries

173.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

174.    In the course of business, Samsung Korea distributed and sold the  for use as a power source for electronic cigarettes.

175.    At the time of the design, manufacture and sale of the Samsung batteries, and more specifically at the time Plaintiff received his batteries, it was defective and unreasonably dangerous when put to its intended and reasonably anticipated use. Further, the Samsung batteries was not accompanied by proper warnings regarding significant adverse consequences associated with the Samsung batteries.

176.    Defendants Samsung Korea was aware of the dangerous and defective condition of the Samsung batteries and intentionally withheld this information from Plaintiff and the general public even though these significant dangers were not readily obvious to the ordinary user of the products.

177.    Samsung Korea fraudulently represented to Plaintiff and the public that the Samsung batteries was a safe product even though they were fully aware of the dangerous and defective nature of the batteries, which likely could, and would, cause injuries such as those suffered by Plaintiff.

178.   Plaintiff relied upon the fraudulent misrepresentations and concealments of Samsung Korea and purchased the defective Samsung batteries.

179.   As a direct and proximate result of Plaintiff's reliance on Samsung Korea's fraudulent misrepresentations and concealments, Plaintiff was seriously and permanently injured.

180.   The conduct of Samsung Korea in continuing to fraudulently market, promote, sell and distribute the Samsung batteries while fraudulently concealing knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter Samsung Korea and others from similar conduct.

**Wherefore**, Plaintiff requests a judgment against Samsung Korea for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL COUNTS**.

Plaintiff, Austin Moore,
By his Attorneys,

Dated: ‾/‾/‾-21

Noble McIntyre, OBA #16359
Jeremy Thurman, OBA #19586
Jordan Klingler, OBA #31233
McIntyre Law, P.C
8601 S Western Ave.
Oklahoma City, OK 73139
noble@mcintyrelaw.com
jeremy@mcintyrelaw.com
jordan@mcintyrelaw.com

and

Vincent L. Greene (#5971) *via pro hac vice anticipated*
Dennis A. Costigan (#9163)
MOTLEY RICE LLC
55 Cedar Street, Suite 100
Providence, RI 02903
401-457-7700
401-457-7708 Fax
vgreene@motleyrice.com
dcostigan@motleyrice.com

**ATTORNEYS' LIEN CLAIMED**

42