## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| **AUSTIN MOORE**, Individually, and **TIFFANY MOORE**, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>**ELECTRONIC MARKETING, LLC,** and **SAMSUNG SDI CO., LTD**, a Foreign Company,<br><br>Defendants. | Case No. CIV-21-836-D<br><br>[Removed from the District Court of Oklahoma County, Case No. CJ-2021-2869] |

## DEFENDANT SAMSUNG SDI CO., LTD'S UNOPPOSED MOTION TO STAY DISCOVERY PENDING RULING ON ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant SAMSUNG SDI CO., LTD. ("SDI Co." or "Defendant") requests a stay of discovery pending a ruling on SDI Co.'s pending Motion to Dismiss for Lack of Personal Jurisdiction. This motion is unopposed.

## I.    INTRODUCTION AND RELEVANT BACKGROUND

This is a products liability case in which Plaintiff Austin Moore claims injuries from a small-cell, cylindrical rechargeable "Samsung" lithium-ion battery (the "Subject Battery") which he purchased from the website through the Six Leaf Seller Page. (Doc. 30, ¶ 23). Plaintiff contends the Subject Battery was designed, manufactured, distributed, marketed, and sold by SDI Co. (*Id.* at ¶ 27). EML shipped the Subject Battery to Plaintiff in Oklahoma. (*Id.* at ¶ 24).

4882-8063-3383.1                                   1

On June 27, 2022, SDI Co. filed its Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion to Dismiss"). (Doc. 51). In the Motion to Dismiss, SDI Co. contends this Court lacks personal jurisdiction over SDI Co. because SDI Co. does not market, sell, ship, or distribute the relevant product in Oklahoma and the Subject Battery found its way into Oklahoma due to unauthorized third-parties with no connection to SDI Co. (*Id.* at pp. 15-20).

On June 29, 2022, Plaintiffs filed their Assented-to Motion to Enlarge Time to File Their Response to Defendant SDI Co., Ltd's Motion to Dismiss. (Doc. 56). In that Assented-to Motion, Plaintiffs asked the Court to enlarge the time for them to respond to the Motion to Dismiss through September 1, 2022. (*Id.*). SDI Co. now hereby requests that merits discovery be stayed as to SDI Co. pending a ruling on its Motion to Dismiss[1].

---

[1] SDI Co. has no objection to Plaintiffs conducting merits discovery as to other Defendants. Moreover, while SDI Co. contends jurisdictional discovery is unwarranted and would be fruitless under the circumstances, SDI Co. is not opposed to jurisdictional discovery to the extent (1) Plaintiffs request to conduct jurisdictional discovery, and (2) the Court concludes Plaintiffs have carried their burden of demonstrating jurisdictional discovery is warranted under applicable standards. *See Dental Dynamics, Ltd. Liab. Co. v. Jolly Dental Grp., Ltd. Liab. Co.*, 946 F.3d 1223, 1233-34 (10th Cir. 2020)(noting that District courts have broad discretion to permit or deny jurisdictional discovery and that jurisdictional discovery is unwarranted where a plaintiff merely speculates as to the existence of helpful facts); *see also Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (holding the district court's denial of a request for jurisdictional discovery was not an abuse of discretion where the request was based on "little more than a hunch that it might yield jurisdictionally relevant facts").

## II.    ARGUMENT AND CITATION OF AUTHORITY

Although the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Whether to stay discovery is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990); *see also Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013)(District courts have "extremely broad discretion in controlling discovery."). As the party seeking a stay, SDI Co. bears the burden of proving that the Court should exercise its discretion in staying discovery. *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009).

In determining whether a stay is appropriate, courts weighs interests such as whether defendants are likely to prevail in the civil action; whether defendants will suffer irreparable harm; whether the stay will cause substantial harm to other parties to the proceeding; and the public interests at stake. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). Courts may also consider the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay, the burden on the defendants, and the convenience to the court (the "*String Cheese* factors"). *String Cheese Incident, Ltd. Liab. Co. v. Stylus Shows, Inc.*, 2006 U.S. Dist. LEXIS 97388, at *4 (D. Colo. 2006); *see also Callaway v. Indep. Sch. Dist. No. 1*, 2021 U.S. Dist. LEXIS 248602, at *3 (E.D. Okla. 2021)(considering *String Cheese* factors).

Courts are more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting a dispositive, threshold issue such as personal jurisdiction. *See United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79-80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters[.]"); *String Cheese Incident, Ltd. Liab. Co. v. Stylus Shows, Inc.*, 2006 U.S. Dist. LEXIS 97388, at *4 (D. Colo. 2006)(granting stay of discovery pending ruling on defendant's motion to dismiss for lack of personal jurisdiction). This makes sense because "[a] court must have personal jurisdiction to order compliance with a discovery request." *Reinsurance Co. of America, Inc. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1281 (7th Cir. 1990).

The analysis is simple in the instant action because Plaintiffs do not oppose the requested stay. Plaintiffs therefore are not alleging any prejudice by virtue of staying merits discovery pending a determination on the issue of personal jurisdiction. Stays of discovery are well-suited for cases such as this one in their early stages with jurisdictional issues to resolve. *Aurora Bank FSB v. Network Mortg. Servs., Inc.*, 2013 U.S. Dist. LEXIS 86067 (D. Colo. 2013) (finding discovery stay pending jurisdictional challenge appropriate where case was "in the very early stages."). Moreover, a stay of discovery will advance interests of efficiency and judicial economy by avoiding a situation where the Court allowed discovery to proceed against SDI Co. only to later determine SDI Co. must be dismissed under Fed. R. Civ. P. 12(b)(2). *1 Priority Envtl. Servs., Ltd. Liab. Co. v. Int'l Turbine Servs., Ltd. Liab. Co.*, 2021 U.S. Dist. LEXIS 37368, at *14 (D. Colo. 2021)(finding court convenience and judicial economy favored stay of discovery).

## III.   CONCLUSION

WHEREFORE, Defendant SAMSUNG SDI CO., LTD. respectfully requests the Court enter an order staying merits discovery as to Samsung SDI Co., Ltd. pending a ruling on its Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #51).

Dated: July 5, 2022

By: _____

Adam C. Doverspike, OBA No.: 22548
Scott E. Kiplinger, OBA No. 33938
GABLEGOTWALS
110 North Elgin Avenue, Suite 200
Tulsa, OK 74120
918-595-4800
adoverspike@gablelaw.com
skiplinger@gablelaw.com
*Attorney for Defendant Samsung SDI Co., Ltd.*

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____

Katherine L. Vaughn, Atty. Reg. No.: 32706
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, CO 80203
303.861.7760
Katherine.Vaughn@lewisbrisbois.com
*Attorney for Defendant Samsung SDI America, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on the 5th day of July, 2022, a true and correct copy of the above and foregoing document was sent via U.S. Mail to the following with the proper postage thereon prepaid:

_____
Katherine L. Vaughn

Noble K. McIntyre, Esq.
Jeremy A. Thurman, Esq.
Jordan Klingler, Esq.
Monica Schweighart, Esq.
Abby Herren, Esq,
8601 S. Western Avenue
Oklahoma City, OK 73139
*Attorneys for Plaintiff*

4882-8063-3383.1                          6